UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRADLY A. REESE | CIVIL ACTION |
| VERSUS | NO. 24-1809 |
| ROYAL AUDIO/VIDEO SUPPLY CO., INC. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is defendant Royal Audio/Visual Supply Co., Inc.'s ("Royal") unopposed partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants the motion.

## I.   BACKGROUND

This case arises out of Royal's alleged termination of plaintiff Bradly Reese. Plaintiff alleges that he worked for Royal for over twenty-four years as an independent contractor before being furloughed in February 2021 when the company was closed due to the Covid-19 pandemic.[1] After Royal reopened in September 2021, the company allegedly did not permit Reese to

---

[1]   R. Doc. 1 ¶ 5, 6.

return to work and officially terminated him in February 2022.[2] Reese alleges that at the same time Royal terminated him, it began to hire younger employees with fewer qualifications.[3]

On July 17, 2024, Reese sued Royal asserting that it discriminated against him on the basis of age and disability in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Amendments Act of 2009 ("ADAA").[4] Additionally, Reese alleges that Royal violated the Fair Labor Standards Act ("FLSA") and the Employee Retirement Income Security Act ("ERISA") by willfully misclassifying him as an independent contractor and refusing to provide him basic employee benefits or overtime pay for over 20 years of his direct employment.[5]

Royal now moves to dismiss Reese's FLSA and ERISA claims as untimely.[6] Plaintiff does not oppose Royal's motion.

The Court considers Royal's motion below.

---

[2]    *Id.* ¶ 10.
[3]    *Id.* ¶ 11.
[4]    *Id.* ¶¶ 22-27.
[5]    *Id.* ¶ 28.
[6]    R. Doc. 11-1 at 2.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *See Iqbal*, 556 U.S. at 678. It need not contain "detailed factual allegations," but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See id.* (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (citations omitted). The claim must be dismissed if there are insufficient factual

3

allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* "The district court 'may also consider matters of which [it] may take judicial notice.'" *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

## III. DISCUSSION

### A. Fair Labor Standards Act Claim

Plaintiff's FLSA claim is time-barred. The FLSA imposes a statute of limitations of two years from a violation, which is extended to three years for causes of action involving willful violations of the FLSA. 29 U.S.C. § 255(a); *Ramos v. Al-Bataineh*, 599 F. App'x 548, 551 (5th Cir. 2015). A cause of action for the misclassification of an employee as an independent contractor

under the FLSA "accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Halferty v. Pulse Drug Co.*, 821 F.2d 261, 271, *mod. on other grounds*, 826 F.2d 2 (5th Cir. 1987); *see also Babin v. Plaquemines Parish*, 421 F. Supp. 3d 391, 396 (E.D. La. 2019) ("If the two-year statute of limitations applies in this case, Plaintiffs can only recover for unpaid overtime they accrued [within] . . . two years before filing their Complaint."). Plaintiff's FLSA claim began to accrue in February 2021, when he allegedly stopped working for and receiving wages from Royal.[7] But Plaintiff filed his complaint on July 17, 2024, over three years later.[8] Even if plaintiff successfully alleged that Royal's misclassification was willful, he filed his compliant more than four months outside the statute of limitations. Plaintiff's FLSA claim is untimely, and the Court dismisses Reese's FLSA claim as time barred.

### B. Employee Retirement Income Security Act Claim

Plaintiff's ERISA claim is also time-barred. Although ERISA does not "set forth a statute of limitations to govern actions to clarify rights to benefits," courts borrow the "state statute of limitations most analogous to

---

[7] R. Doc. 1. ¶ 6, 7, 8 & 10.
[8] *See id.*

the claim being advanced" in ERISA actions. *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 230 (5th Cir. 1997). The Fifth Circuit has therefore held that Louisiana ERISA claims are governed by the state's ten-year prescription period for a breach of contract claim. *Id.*

"An ERISA cause of action accrues when a request for benefits is denied." *Hogan v. Kraft Foods*, 969 F.2d 142, 145 (5th Cir. 1992). Although the Fifth Circuit has not yet addressed when the misclassification of an employee as an independent contractor qualifies as a denial of a request for benefits, district courts have recognized the "date of accrual" to be "at or near the date" independent contractors were first hired and learned "they would not be able to participate in [their employer's] benefit plans." *Berry v. Allstate Ins. Co.*, 252 F. Supp. 2d 336, 342 (E.D. Tex. 2003); *see also Brennan. v. Metropolitan Life Ins. Co.*, 275 F. Supp. 2d 406, 409 (S.D.N.Y. 2003) ("[A]ll of the district courts that have considered claims made by individuals who were classified or treated as independent contractors have held that the statute of limitations begins to run when the beneficiary first learns that she is an independent contractor and is therefore not entitled to benefits" (collecting nationwide cases)).

Plaintiff alleges that Royal misclassified him as an independent contractor and refused basic employee benefits over 24 years of direct

6

employment.[9] Plaintiff's ERISA cause of action therefore began to accrue when he was first hired as an independent contractor and informed that he would not receive benefits in 1997, and the ten-year prescriptive period for his ERISA claim expired before plaintiff filed his complaint in July 2024. Plaintiff's ERISA claim is untimely, and the Court dismisses Reese's ERISA claim as time barred.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's partial motion to dismiss and DISMISSES plaintiff's FLSA and ERISA claims as untimely.

New Orleans, Louisiana, this __12th__ day of November, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[9]  R. Doc. 1 ¶ 28.